UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| BENJAMIN ROBINSON, | ) | CASE NO. 1:10 CV 973 |
| | ) | |
| Plaintiff, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| OHIO DEPARTMENT OF | ) | AND ORDER |
| REHABILITATION AND | ) | |
| CORRECTION, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

*Pro se* plaintiff Benjamin Robinson filed the above-captioned action under 42 U.S.C. § 1983 against the Ohio Department of Rehabilitation and Correction ("ODRC") and ODRC Director Ernie Moore. In the Complaint, Plaintiff alleges a Lorain Correctional Institution officer used excessive force to break up an altercation with another inmate. He seeks unspecified damages.

**Background**

Mr. Robinson's Complaint is very brief. All of the factual allegations supporting the Complaint are derived from the grievances attached to the pleading. He claims he was attacked from behind by inmate Coppa on April 6, 2009. He contends he fell and was attempting to stand up when Coppa rushed toward him for a second blow. He states he grabbed Coppa and locked until

Officer Sims responded to the scene. He alleges Officer Sims broke them apart by executing a "shoulder dive." Mr. Robinson claims his leg was fractured by the Officer's dive.

## Analysis

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to §1915(e).

As an initial matter, Mr. Robinson cannot assert a claim for damages against the ODRC. The Eleventh Amendment is an absolute bar to the imposition of liability upon state agencies. *Latham v. Office of Atty. Gen. of State of Ohio*, 395 F.3d 261, 270 (6th Cir. 2005); *Bouquett v. Clemmer*, 626 F. Supp. 46, 48 (S.D. Ohio 1985).

Moreover, there are no allegations in the pleadings or the attachments against ODRC Director Mr. Moore. It appears that he is named as a defendant solely because he employs and indirectly supervises the Officer who broke up the altercation. The law is clear that liability of supervisors and employers must be based on more than merely the right to control employees.

---

[1] An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054 (1986); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

*Monell v. Department of Social Services*, 436 U.S. 658 (1978). Plaintiff must show that Mr. Moore was personally involved in the activities which form the basis of the alleged unconstitutional behavior. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976). The mere right to control employees without any control or direction having been exercised therefore is not enough to support liability under 42 U.S.C. §1983. *Monell*, 436 U.S. at 694 n.58; *Rizzo*, 423 U.S. at 370-71. There must be a direct causal link between the acts of individual officers and the supervisory defendants. *Rizzo*, 423 U.S. at 370-71. There is no suggestion in the Complaint that ODRC Director Ernie Moore was personally involved in actions which resulted in the fracture of Mr. Robinson's leg.

## Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. § 1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.

    /s/Dan Aaron Polster 8/2/10
DAN AARON POLSTER
UNITED STATES DISTRICT JUDGE

---

[2] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.